IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COSTIA INGA,<br><br>                Petitioner,<br><br>    vs.<br><br>NANCY DAHLSTROM,<br><br>                Respondent. | No. 3:19-cv-00226-JKS<br><br>ORDER OF DISMISSAL |

On August 15, 2019, Costia Inga, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Inga challenges his 2002 judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3AN-00-10074CR, because it allegedly violates various protections of the U.S. Constitution. *Id.*

After reviewing the Petition and the state court dockets, this Court issued an Order to Show Cause ("OSC") on September 23, 2019, directing Inga to file a Response addressing the facial untimeliness of the Petition and whether there are grounds for equitable tolling. Docket No. 2. The OSC explained why the Petition was facially untimely and why the statutory tolling available did not render it timely. *Id.* at 3-4. The OSC laid out the equitable tolling doctrine and expressly directed Inga to explain how the Petition is timely (if he so contends) and to provide any available competent evidence to establish such timeliness. *Id.* at 4-7. Inga responded to the

OSC on September 19, 2019.  Docket No. 3.  In his Response, Inga contends that equitable tolling is warranted here because he "was trying to find a lawyer to help [him] with the filings." *Id.* at 2.

The Court has considered the Petition, the record, and Inga's Response and must conclude that dismissal of this action with prejudice is warranted due to untimeliness.  The Court takes judicial notice[1] that the state court record shows that Inga was convicted on September 27, 2002.  *See* https://records.courts.alaska.gov/ (*State v. Inga*, 3AN-00-10074CR).  The Court of Appeals affirmed his conviction on March 31, 2004, *Inga v. State*, Case No. A-8456, 2004 WL 719626 (Alaska Ct. App. Mar. 31, 2004), and the Alaska Supreme Court denied his petition for review on June 30, 2004, *see* http://www.appellate.courts.state.ak.us/ (*Inga v. State*, S-11455). Inga's conviction became final 90 days later on direct review when his time to file a petition for certiorari in the U.S. Supreme Court expired on September 28, 2004.  *See Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003). The one-year period under the AEDPA in which to file a federal petition for habeas relief thus expired on September 28, 2005.

After his conviction became final, Inga did not further litigate his claims until nearly four years later when, in June 2008, he filed a post-conviction relief application.  *Costia v. State*, Case No. 3AN-08-09000CI (dismissed, 2/14/2011).  The June 2008 post-conviction relief application was filed more than two years after the deadline for Inga to file his federal habeas petition, and it did not serve to restart the statute of limitations.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the one-year habeas statute of limitations does not restart where that

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *see also* FED. R. EVID. 201.

period ends before petitioner's state petition for post-conviction relief is filed).[2]

In support of his argument that equitable tolling applies due to his difficulties finding an attorney, Inga attaches correspondence from the Alaska Public Defender's Office indicating that Inga wrote a letter dated December 28, 2006, asking for a review of his case based on newly-discovered evidence, as well as handwritten notes detailing his attempts to locate an attorney in July and August 2017. Docket Nos. 3-1, 3-3. But Inga's response does not address the one-year time period between when his conviction became final on September 28, 2004, and the September 28, 2005, deadline for filing a § 2254 petition.[3] Moreover, although the Court is not unmindful of the plight of unrepresented litigants, a *pro se* petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Inga thus fails to show that he was diligently pursuing his claims between September 2004 and September 2005 or that an external factor beyond his control prevented him from timely filing a habeas petition.

**IT IS THEREFORE ORDERED:**

1. The Petition is DISMISSED WITH PREJUDICE for untimeliness.

2. All pending motions are DENIED as moot.

3. The Court declines to issue a certificate of appealability. *See* 28 U.S.C.

---

[2] As noted in the OSC, this Court's records indicate that Inga filed a previous § 2254 petition dated February 23, 2016, which was denied because Inga failed to exhaust his claims in state court. Case No. 3:16-cv-00054-RRB, Docket Nos. 1, 2. The statute of limitations is not tolled while an unexhausted petition under § 2254 is pending in federal court, *Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) (citing *Rhines*, 544 U.S. at 274-75), and in any event, the initial petition was also filed long after the expiration of the one-year period under the AEDPA.

[3] The only pre-deadline documentation provided is a July 2, 2004, letter from Inga's appellate attorney, which states that appellate counsel was injured but "w[ould] come down and talk with [Inga] about [the] next step" once he was able. Docket No. 3-1 at 1. Notably, Inga does not allege that he mistakenly believed appellate counsel would file a federal habeas petition on his behalf. Inga's response primarily focuses on his "attempts to find a lawyer after [he] was released from prison on Jan. 27, 2017." Docket No. 3 at 2.

§ 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

4. The Clerk of Court is directed to issue a judgment accordingly.

Dated at Anchorage, Alaska this 25th day of September, 2019.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
